# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2021

Lyle W. Cayce
Clerk

No. 20-11037
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANTIAGO VASQUEZ SOLANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-19-3

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Santiago Vasquez Solano appeals the 200-month below-guidelines term of imprisonment imposed following his bench trial conviction for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He maintains that his sentence fails to reflect: (1) his lack of criminal history; (2) his low risk of recidivism; (3) his educational background; (4) the fact that he would have received a safety valve reduction if he had debriefed with the Government; and (5) the need to avoid unwarranted sentencing disparities.

We review the substantive reasonableness of Vazquez Solano's sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). After considering the § 3553(a) factors as well as Vazquez Solano's mitigating arguments, the district court determined that a sentence of 200 months was appropriate under the circumstances. The sentence is entitled to a presumption of reasonableness. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). Vazquez Solano has not rebutted the presumption as he has not shown the district court did not account for a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error in balancing the sentencing factors. *See id.* at 558. His disagreement with the district court's balancing of the sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Therefore, Vazquez Solano has not shown that his sentence is substantively unreasonable. *See Simpson*, 796 F.3d at 558.

AFFIRMED.